UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


STACI STOGNER                              CIVIL ACTION

VERSUS                                     NO: 07-4058

NEILSEN AND HIEBERT SYSTEMS, INC.,         SECTION: R
ET AL.


**ORDER AND REASONS**

Before the Court are defendant David Lamb's two Motions to Dismiss for Insufficient Service of Process. For the following reasons, the Court DENIES both motions.


**I.   Background**

On January 27, 2007, Stacey Stogner was involved in a machine accident at the Louisiana paper mill where he was employed. He passed away several days later, leaving behind his wife, plaintiff Staci Stogner, and two children, Alexander and Austin Stogner. Plaintiff commenced the present action on August 10, 2007, naming Neilsen and Hiebert Systems as the only defendant. On January 17, 2008, plaintiff amended her complaint to add six corporate defendants. On May 29, 2008, she amended

her complaint a second time to add several new defendants.  Among those defendants was David Lamb, a resident of Hoquiam, Washington.

After adding Lamb as a defendant, plaintiff twice attempted to serve him with process.  First, on June 10, 2008, her attorney sent a copy of the summons and the three complaints to the address of Lamb's corporate employer and to a post office box rented by the employer.  On July 1, Lamb filed his first Motion to Dismiss for Insufficient Service of Process, arguing that plaintiff's service was deficient because it was sent to his place of business rather than his residence.  That motion (R. Doc. 89) is still pending before the court.

On July 21, well within the 120-day limit prescribed by FED. R. CIV. P. 4(m), plaintiff's attorney sent out another copy of the summons and complaints via certified mail, this time addressed to Lamb's residence.  For some reason not disclosed in the record, the package was delivered to a post office box rented by Lamb, rather than to Lamb's residence.  Mike Fykerud, not a party to this action, signed for and retrieved the package "as a courtesy to David E. Lamb."  (*See* R. Doc. 102-4.)  The record does not reveal whether Lamb ever received the summons and complaints. Lamb has now filed a second Motion to Dismiss for Insufficient Service of Process.  (R. Doc. 102.)

**II.  Legal Standard**

If a party is not validly served with process, proceedings against that party are void.  *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).  When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity.  *Id.*  A district court "enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."  *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

**III. Discussion**

Under the Federal Rules of Civil Procedure, individuals within a judicial district of the United States may be served with process using any of four different methods: (1) personal delivery to the individual; (2) delivery to "someone of suitable age and discretion" who resides at the individual's dwelling; (3) delivery to an authorized agent; or (4) delivery pursuant to the law of the state in which the district court sits.  *See* FED. R. CIV. P. 4(e).  Both parties agree that the summons and pleadings in this case were sent to Lamb by registered mail.  (*See* R. Doc. 102-2 at 2; R. Doc. 103 at 2.)  Because service by mail is not one of the three explicitly authorized methods, the Court must

look to Louisiana law to determine whether the service was legally sufficient.

The Louisiana Long-Arm Statute, which applies to nonresidents like Lamb, provides that a certified copy of the summons "shall be sent by counsel for the plaintiff . . . to the defendant by registered or certified mail, or actually delivered to the defendant by commercial carrier . . . ." LA. REV. STAT. 13:3204(A). Defendant argues that service in this case was not properly executed because the summons was delivered to a post office box rather than his residence, and was signed for by someone who was neither he nor his "agent for service of process." (R. Doc. 102-2 at 2.)

The text of the statute does not explicitly indicate whether the defendant must personally receive the process in order for service to be effective. Section 3204 provides that the summons must be "sent" to the defendant, but "sent" could plausibly be interpreted to mean either "addressed to the defendant and placed in the mail" or "mailed and delivered to the defendant." Several other statutory provisions provide guidance. First, section 3204 itself distinguishes between service by registered or certified mail, which must be "sent" to the defendant, and service by commercial carrier, which must be "actually delivered" to the defendant. The careful delineation of each method and the proximity of the clauses to one another suggest that the choice

-4-

of words was not accidental.  If both clauses are to be given effect, "sent" must mean something other than "actually delivered."

In addition, the Section 3205 provides that a default judgment may only be rendered after the filing of an affidavit by the individual who:

> [m]ailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant . . . .

LA. REV. STAT. 13:3205(1).  The emphasis of the provision is on sending rather than receiving, as evidenced by the addressing and postage requirements.  The only clause suggesting mandatory personal delivery--the requirement that the process server attach the "return receipt of the defendant"--has long been construed by the Louisiana courts to cover receipts signed by people other than the defendant.  *See, e.g., Decca Leasing Corp. v. Torres*, 465 So.2d 910, 914 (La. App. 1985); *Howard Ave. Realty Corp. v. McIntosh*, 352 So.2d 348, 351 (La. App. 1977).  By way of contrast, the provision covering service by commercial carrier requires that the affidavit show the date and address "at which the process was *delivered* to defendant" and have the courier's "confirmation of *delivery*" attached.  LA. REV. STAT. 13:3205(2) (emphasis added).  The implication of these provisions is that

service by mail does not require proof that the process was actually delivered to the party served.

Most Louisiana courts seem to have adopted this interpretation.  In *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 889 So.2d 442, 444 (La. App. 2004), for example, the defendant argued that service was deficient because the defendant never received the citation and complaint.  As support for its factual allegations, the defendant pointed out that the envelope containing the documents, which the post office had returned to the plaintiff's attorney, was marked "unclaimed."  The court of appeals rejected this argument.  Referring to the "clear wording of § 3204," the court held that:

> all that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person.

*Id.*  Because the plaintiff's attorney mailed the proper documents to the defendant's home address, "as evidenced by [the] attorney's affidavit and the returned envelope," the court found that the defendant had been properly served.  *Id.* at 445.

Similarly, in *Thomas Organ Co. v. Universal Music Co.*, 261 So.2d 323 (La. App. 1972), the defendant attempted to evade service by refusing delivery.  The court rejected his efforts, holding that a defendant cannot defeat an otherwise valid attempt at service by "refusing to accept a registered letter or to allow

a member of his family to receive it for him ineffectually . . . ." *Id.* at 327; *see also Decca Leasing*, 465 So.2d at 914. These cases clearly suggest that there is no "actual delivery" requirement for service by mail.

The only case casting doubt on this conclusion, which Lamb does not cite, is a two paragraph per curiam opinion from the Louisiana Supreme Court. In *Administrators of Tulane Educational Fund v. Ortego*, 475 So.2d 764 (1985), the plaintiff mailed process to the college library where the defendant was employed. The defendant was not in the state at the time of delivery, and the documents were received by a librarian who sorted mail for the school. Finding this service to be invalid, the court wrote that "the notice must be received by defendant or by a person authorized to receive mail on his behalf." *Id.* at 764.

It does not appear that the Supreme Court intended this isolated sentence to create an actual delivery requirement. Indeed, the Court cited *Thomas Organ*, the case involving the defendant who refused to accept delivery, as support for its conclusion. The best reading of the case is as an application of the developing rule that mail service must be addressed to an individual's residence rather than to his place of business. *See Barnett Marine, Inc. v. Van Den Adel*, 694 So.2d 453, 457 (La. App. 1997) ("Valid service of process under the Long Arm Statute cannot be effected on a defendant by directing service to his

-7-

place of employment by certified mail."); *Drago v. Drago*, 477 So.2d 786, 788 (La. App. 1985) (same); *see also Roper v. Dailey*, 393 So.2d 85, 88 (La. 1981) (holding that personal service cannot be effected by leaving the papers at a defendant's place of business). Subsequent cases confirm that *Ortego* did not add a significant new requirement to the law governing mail service. As noted above, numerous cases have found service to be sufficient even when the process was never delivered at all. *See, e.g.*, *HTS*, 889 So.2d at 444. And despite all the cases raising service of process issues, *Ortego* has been cited only once in a reported Louisiana state court decision.

In any case, even if the isolated sentence in *Ortego* is taken at face value, plaintiff's second attempt at service here meets its requirements. Plaintiff's attorney mailed the summons and complaint to Lamb's home address in Washington. For some reason,[1] the envelope was re-routed to Lamb's post office box, where it was retrieved by Lamb's friend. *Ortego* requires only that notice "be received by defendant or by a person authorized to receive mail on his behalf." *Id.* at 764. Here, Mike Fykerud was apparently a "person authorized to receive mail on [Lamb's] behalf." As Fykerud states in his affidavit, he retrieved the mail "as a courtesy to David E. Lamb." (R. Doc. 102-4.) Though

---

[1] Ordinarily, mail is forwarded at the direction of the addressee.

Fykerud objects that he is not a registered agent for service of process, that is of no moment.  The issue of service on a formally designated agent arises only with respect to resident individuals, foreign corporations, domestic corporations, and other legal entities.  *See* LA. CODE CIV. P. arts. 1235, 1261-67.  The Long-Arm Statute does not establish a similar mechanism for nonresident individuals, and the cases reveal that delivery to an individual acting informally on the defendant's behalf is sufficient to perfect service.  *See Howard Ave. Realty*, 352 So.2d at 351 (approving delivery to defendant's employee, who "had been designated to pick up the mail at the distant post office"); *Thomas Organ*, 261 So.2d at 327 (approving delivery to a member of defendant's family).  In this case, it is clear that Fykerud was acting on behalf of Lamb, as Fykerud states in his affidavit.  Plaintiff's service by mail was therefore sufficient.

In addition to pleading and arguing insufficient service of process, Lamb's motion to dismiss:

> pleads the defenses set forth in 12(b)(2) through (4) and 12(b)(6) so as not to waive any of those defenses in the event proper service is ever effected, as this court lacks personal jurisdiction over David E. Lamb because he does not have minimum contacts with the State of Louisiana, there is no stated theory of personal responsibility on the party of David E. Lamb, and this court is a court of improper venue for any claims asserted against David E. Lamb herein.

(R. Doc. 102-1.)  Aside from a similarly conclusory sentence in his reply brief (*see* R. Doc. 106-3 at 4), Lamb does not support

these motions with arguments, references to the facts, or case citations.  A party "cannot expect a trial court to do his homework for him."  *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, (1st Cir. 1991).  There is nothing in the complaint to suggest, without some demonstration otherwise, that any of these motions has merit.  Lamb's second Motion to Dismiss must be denied in all respects.

Finally, because Lamb was properly served within the 120-day period, his first Motion to Dismiss for Insufficient Service of Process is moot.

## IV. Conclusion

For the foregoing reasons, the July 1 Motion to Dismiss (R. Doc. 89) is DENIED at moot.  Further, the August 18 Motion to Dismiss (R. Doc. 102) is DENIED in all respects.

New Orleans, Louisiana, this 15th day of October, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE